948 F.2d 1295
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mary L. WHITE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 91-6128.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.[1]
 
 
 2
 Claimant Mary White appeals from the district court's judgment affirming the Secretary of Health and Human Services' denial of her application for benefits under Titles II and XVI of the Social Security Act. Claimant's application for benefits was denied initially and upon reconsideration. A hearing before an administrative law judge (ALJ) was held on September 16, 1986, resulting in a decision of no disability. The Appeals Council vacated this decision and remanded for a consultative psychiatric examination. A second hearing, held August 13, 1987, also resulted in a decision of no disability. The Appeals Council again vacated the ALJ's decision, concluding the evidence was contradictory, and remanded for another consultative psychiatric examination. Claimant's third hearing was held on December 15, 1988. By decision dated May 9, 1989, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary for purposes of review. Williams v. Bowen, 844 F.2d 748, 749 (10th Cir.1988). Claimant appealed to the district court. The magistrate judge, in a Memorandum Opinion dated February 4, 1991, affirmed the Secretary's decision.[2]
 
 
 3
 The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See id. at 750-52 (describing five steps in detail). Reaching the fourth step of this analysis, the ALJ in this case determined that Claimant retained the residual functional capacity to perform her past relevant work and, therefore, was not disabled under the Act. On appeal to this court, Claimant argues, essentially, that the evidence in the record supports Claimant's allegations of disability and that the ALJ minimized the adverse effects of Claimant's physical and mental impairments in reaching his conclusion.
 
 
 4
 Judicial review of the Secretary's determination that Claimant is not disabled within the meaning of the Social Security Act is limited; the court's only function is to determine whether the record as a whole contains substantial evidence to support the Secretary's decision and whether the Secretary applied the correct legal standards. See Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). The Secretary's findings stand if they are supported by " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 5
 Based on our careful review of the entire appellate record and the parties' briefs, we agree with the magistrate judge that substantial evidence supports the Secretary's decision that Claimant was not disabled within the meaning of the Social Security Act. Therefore, for substantially the same reasons contained in the Memorandum Opinion of the United States magistrate judge, dated February 4, 1991, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Appellant's request for oral argument is denied
 
 
 [2]
 The parties consented to magistrate jurisdiction under 28 U.S.C. § 636(c)